UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CALVIN ROBINSON,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

Civil No. 00-1620 (MJD/JMM)

**ORDER**

Plaintiff, a prisoner at the Federal Medical Center at Rochester, Minnesota, commenced this action on July 10, 2000, by filing a Complaint in which he alleges that he has been mistreated by various federal prison officials. Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), which is now before the Court. (Docket No. 2.)

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or

FILED JUL 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint
>
> . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, Plaintiff has not complied with the requirements of § 1915(a)(2), as he has not provided any properly certified information regarding his prisoner trust account.[1] Therefore, the Court is unable to determine the amount of the initial partial filing fee that Plaintiff will have to pay before his action can go forward. To correct this deficiency, Plaintiff should submit a new IFP application on the form currently prescribed for use in this District. That application, including the "certificate" portion of the form, must be properly completed, signed by appropriate prison officials, and filed with the Court.

In addition to filing a new IFP application, Plaintiff also must remit his initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of

[1] Plaintiff's current IFP application was submitted on the proper form, but the "certificate" section has not been completed or signed.

Court.[2] After Plaintiff has paid his initial partial filing fee pursuant to § 1915(b)(1), the remaining balance of the $150 filing fee will have to be paid in installments, as prescribed by § 1915(b)(2).

Plaintiff will be required to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this order. If he does not satisfy both of these requirements within the time allowed, it will be recommended that the action be dismissed without prejudice, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff submits both a proper IFP application and his initial partial filing fee in a timely manner, this action will be allowed to go forward. In that event, however, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief can be granted.[3] Only if Plaintiff's

---

[2] If Plaintiff's custodian is unwilling to provide the certified trust account information required by § 1915(a)(2), or if the custodian will not allow Plaintiff to remit the initial partial filing fee required by § 1915(b)(1), then Plaintiff may bring that matter to the Court's attention by filing an affidavit describing, in detail, all of the steps he has taken to comply with the requirements of §§ 1915(a)(2) and 1915(b)(1). Such affidavit shall set forth a summary description of all communications between Plaintiff and prison officials regarding his application for IFP status, including the names of the individuals with whom Plaintiff has communicated.

[3] Although the Complaint in this case has not yet been thoroughly examined, a cursory inspection suggests that it may not survive initial screening. The only Defendant named in the "PARTIES" section of the Complaint is Paul Canon, who is alleged to be a Bureau of Prisons correctional officer located in Bradford, Pennsylvania. The Complaint alleges only that Canon kicked Plaintiff after asking Plaintiff to take a machine off a truck. While Canon's alleged conduct may be reprehensible, it is not clear how a single kick, without any allegation of resulting injury, could give rise to a federal cause of action. Furthermore, it is not apparent how a Minnesota court could exercise personal jurisdiction over Defendant Canon, who presumably is a resident of Pennsylvania. Plaintiff may want to consider these issues before making the commitment to pay $150 to pursue his present

pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty days after the date of this order Plaintiff shall submit both (a) a new IFP application on the form prescribed for use in this District, and (b) the correct amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1), failing which it will be recommended that the action be dismissed without prejudice.

Dated: July 17, 2000

JOHN M. MASON
United States Magistrate Judge

lawsuit.