UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CALVIN ROBINSON,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

Civil File No. 00-1620 (MJD/JMM)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on July 10, 2000, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff's pleading was not accompanied by the $150 filing fee prescribed by 28 U.S.C. § 1914(a), but he instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must (i) submit a trust fund account statement certified by an authorized prison

FILED SEP 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

official, (pursuant to 28 U.S.C. § 1915(a)(2)), and (ii) pay an initial partial filing fee, (pursuant to 28 U.S.C. § 1915(b)(1)). However, Plaintiff's IFP application was not accompanied by either the required trust account information or his initial partial filing fee. Those omissions were called to Plaintiff's attention by the Court's order of July 17, 2000. (Docket No. 3.) By that order, Plaintiff was given thirty (30) days to submit a new IFP application that included the required trust account information, as well as the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The order also advised Plaintiff that if he did not submit his new IFP application and pay the prescribed filing fee within the time allowed, it would be recommended that his case be dismissed pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

The deadline set by the Court's order of July 17, 2000, expired several weeks ago, and Plaintiff still has not complied with the requirements of that order. He has not submitted a new IFP application or any initial partial filing fee. In fact, the Court has received no communication of any kind from Plaintiff since the order of July 17, 2000, was entered. Therefore, in accordance with the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 7, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 22, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.